# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CLIFFORD T. WHITED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br><br>1:09CV868 |

Plaintiff, Clifford T. Whited, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the court for review.

**Procedural History**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on September 18, 2006 (protective filing date), alleging a disability onset date of October 1, 2001. Tr. 99. The applications were denied initially and upon reconsideration.[1] Tr. 54. Plaintiff requested a hearing *de novo* before an

---

[1] Both the request for and notice of reconsideration appear to have been omitted from the court file.

Administrative Law Judge ("ALJ"). Tr. 62. The hearing was held on May 21, 2009, at which Plaintiff, his attorney, and a vocational expert ("VE") appeared. Tr. 22.

By decision dated July 2, 2009, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. Tr. 9. On September 18, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, Tr. 4, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

In deciding that Plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

> 1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2004.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of October 1, 2001, through his date last insured, September 30, 2004. (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant has the following severe impairments: lumbar spine disorder, diabetes mellitus, arthritis, chronic obstructive pulmonary disease, and a depressive disorder. (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526)

Tr. 14. She continued:

> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of light work, as defined in 20 CFR 1567(b). The claimant could stand and walk for 6 hours in an 8 hour day; he was able

2

to sit for 6 hours in an 8 hour day; he could lift and carry, and push and pull, 20 pounds occasionally and 10 pounds frequently. He is limited to occasional bilateral overhead reaching; he may only occasionally climb ramps and stairs, stoop, bend at the waist, kneel, crouch and crawl; he could never climb ladders, ropes or scaffolds; he had to avoid concentrated exposure to hazards (moving machinery, unprotected heights) and environmental pollutants (gases, dusts, fumes, lung irritants); and he required the ability in the workplace to change positions (sit/stand) for every 30 minutes. Further, the claimant had the mental residual functional capacity for only unskilled, routine, repetitive work.

Tr. 15.

6. Through the date last insured, Plaintiff was unable to perform any past relevant work.

Tr. 19.

7-9. The claimant was born on January 15, 1955, and was 49 years old, which is defined as a younger individual age 18-49, on the date last insured. The claimant subsequently changed age category to closely approaching advanced age. (20 CFR 404.1563). He has a marginal education and is able to communicate in English. (20 CFR 404.1564). Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is not disabled whether or not he has transferable job skills. (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience and residual functional capacity, there were jobs that existed in the national economy that the claimant could have performed. (20 CFR 404.1569 and 404.1569a).

Tr. 20.

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from October 1, 2001, the alleged onset date,

through September 30, 2004, the date last insured. (20 CFR 404.1520(g)).

Tr. 21.

**Analysis**

In his brief before the court, Plaintiff's sole argument is that the ALJ erred in assessing Plaintiff's residual functional capacity. Plaintiff does not argue that the ALJ's factual findings are not supported by substantial evidence; instead, Plaintiff contends that the ALJ committed an error of law in that, "[t]he ALJ's RFC findings regarding Plaintiff's ability to stand, walk, and sit, as well as the need to alternate sitting and standing, are not consistent with the applicable regulatory standards regarding these work-related activities." Docket No. 8, Pl.'s Br. Supp. Mot. for Summ. J., at 5. The Commissioner contends otherwise and urges that the ALJ's RFC assessment is supported by substantial evidence and is legally correct.

Scope of Review

The Act provides that, for "eligible"[2] individuals, benefits shall be available to those who are "under a disability," defined in the Act as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).

---

[2] Eligibility requirements for DIB are found at 42 U.S.C. § 423(a)(1).

To facilitate a uniform and efficient processing of disability claims, the Social Security Administration ("SSA"), by regulation, has reduced the statutory definition of "disability" to a series of five sequential questions (the "sequential evaluation process"). An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Act's listing of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Substantial evidence is:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

5

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that this conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Issue

Plaintiff argues that the ALJ's findings concerning Plaintiff's RFC is logically inconsistent because it allows Plaintiff to shift positions every thirty minutes, yet still finds him capable of sitting, standing and/or walking for six hours of an eight hour work day. Docket No. 8 at 5-6. Plaintiff bases his argument on his understanding of Social Security Ruling ("SSR") 83-12, which, Plaintiff contends, "specifies that a person who must alternate sitting and standing cannot perform the 6 hours of standing and/or sitting normally required of sedentary work." Docket No. 8 at 6-7. As noted by the Commissioner in his brief, Plaintiff is correct in stating that a need for a sit/stand option precludes his ability to perform a *full* range of light or sedentary work. See Docket No. 10, Mem. is Supp, of the Comm'r's Mot. for J. on the Pleadings, at 6. Nevertheless, the ALJ did not find Plaintiff capable of a full range of light work; he found that Plaintiff's capability to perform light work is limited by, *inter alia*, his need to alternate positions every thirty minutes. Tr. 15. SSR 83-12 specifically contemplates exactly such a limitation, describing an "individual [who] may be able to sit for a time, but then must get up and stand for a while before returning to sitting," and who "cannot adjust to any

6

need to vary sitting and standing by doing so at breaks, lunch periods, etc." SSR 83-12. The need to alternate positions is not inherently inconsistent with the ability to sit, stand or walk for up to 6 hours a day. In his brief, the Commissioner provides a concise example of the situation contemplated in SSR 83-12:

> [A] worker who needs to sit for 10 minutes after he has stood for 30 minutes . . . would spend about 6 hours of his work time standing and about two hours sitting . . . . Conversely, a person who could sit for 30 minutes straight, but then needed to stand for 10 minutes, would spend 6 hours sitting and 2 hours standing in a typical work day.

Docket No. 10 at 6-7. Thus, the ALJ's finding is not internally inconsistent, and her conclusion is rational. See Thomas v. Celebrezze, 331 F.2d at 543.

**Conclusion and Recommendation**

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and the correct legal principles were applied. Therefore, **IT IS RECOMMENDED** that the Commissioner's decision finding no disability be **AFFIRMED**. To this extent, Plaintiff's motion for summary judgment (docket no. 7) seeking a reversal of the Commissioner's decision should be **DENIED**, Defendant's motion for judgment on the pleadings (docket no. 9) should be **GRANTED**, and this action should be **DISMISSED** with prejudice.

WALLACE W. DIXON
United States Magistrate Judge

August 4, 2010

7